996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie L. WILLIAMS, Defendant-Appellant.
 No. 92-3621.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1993.
 
 Before: MARTIN and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Eddie L. Williams appeals the sentence he received for unlawfully possessing cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) (West 1989 & Supp.1993). We affirm.
 
 
 2
 On February 10, 1989, Eddie L. Williams, also known as "Eddie Boy," was present in an apartment in Hamilton, Ohio at the time that police executed a search warrant on the apartment. During the search, police officers found crack cocaine. Williams admitted possession of the drugs and that he had given some to another person.
 
 
 3
 Following indictment, Williams pled guilty to one count of possessing a controlled substance with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). The probation officer's presentence report calculated Williams' sentence under the federal sentencing guidelines by using the amount he possessed plus a small amount he had previously sold to an undercover agent.
 
 
 4
 The probation officer determined that Williams should be sentenced based on a base offense level of twenty-six, the base offense level prescribed by section 2D1.1 of the federal sentencing guidelines in effect at the time Williams committed the offense. The probation officer also determined that Williams was entitled to a two point reduction for acceptance of responsibility, making his total offense level twenty-four, and that Williams' criminal history placed him in the lowest category. On June 12, 1992, the district court agreed with the probation officer's determinations and sentenced Williams to incarceration for four years and three months plus supervised release for three years. Williams' sentence is in the lower end of the applicable guideline range.
 
 
 5
 Williams' one argument on appeal is that the sentencing disparity mandated by 21 U.S.C. § 841(b), incorporated into the sentencing guidelines at U.S.S.G. § 2D1.1, between "cocaine base" and other forms of crack cocaine violates the Equal Protection Clause of the United States Constitution. In United States v. Williams, 962 F.2d 1218 (6th Cir.1992) (no relation to this defendant), this court held that Congress did not violate the Equal Protection Clause of the Fifth Amendment by providing longer sentences for crack cocaine offenses than for powder cocaine offenses in 21 U.S.C. § 841(b). Therefore, Williams' one argument on appeal must fail. The decision of the district court is affirmed.